PS 8 (12/04)
D/KS 10/15

PACTS 3952623

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF KANSAS

U.S.A. vs. Darnell Tyree-Peppers                    Docket No.  1083 5:17CR40085-001

### Petition for Action on Conditions of Pretrial Release

    COMES NOW Christina Stapp, U.S. Pretrial Services Officer, presenting an official report upon the conduct of defendant Darnell Tyree-Peppers, who was placed under pretrial release supervision by the Honorable K. Gary Sebelius sitting in the court at Topeka, Kansas, on 08/30/2017, under the following conditions:

1. **The defendant must participate in the Curfew location restriction program and comply with its requirements as directed by the pretrial services office or supervising officer.**

   **The defendant must submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.**

2. **The defendant must continue or actively seek employment.**

3. **The defendant must submit to supervision by and report for supervision to the supervising officer as directed.  The defendant must follow all instructions of the pretrial services office and supervising officer.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

1. The defendant was allowed to be away from him home between the hours of 12:00 p.m. to 3:00 a.m. daily due to his work schedule at Reser's Foods.  The defendant advised the U.S. Probation Office his work schedule was from 7:00 p.m. to 2:30 a.m.  Based upon GPS review points, it appears the defendant stopped working at Reser's Foods on September 1, 2017.  Upon further review of the defendant's GPS points, the defendant would continue to leave his house late at night and not return until the early morning hours on several days.  He would spend this time around the Topeka area appearing to visit personal residences but not at Reser's Foods, where he reported to have held employment.  The defendant only had a curfew past 8:00 p.m. for employment reasons. The defendant no longer working and continuing to leave his house outside of 8:00 p.m. are considered violations.

   On October 2, 2017, the U.S. Probation Office received an unauthorized leave alert at 11:28 p.m.  The defendant was contacted and he reported he had been sitting outside of his house.  The defendant was advised he was not allowed to be outside for an extended period of time past his curfew and he needed to return inside his home.  The defendant entered into his home on October 3, 2017 at 12:03 a.m.

   On October 4, 2017, the U.S. Probation Office received a did not enter alert.  The defendant was contacted and advised he needed to return home.  The defendant did not provide an explanation as to why he was late and returned home 45 minutes past his curfew.

   On October 6, 2017, the U.S. Probation Office granted the defendant a schedule adjustment due to defendant reporting he obtained employment at Smuckers Delmonte in Topeka.  The defendant reported he was scheduled to work from 11:00 p.m. to 7:00 a.m.  The defendant's schedule was adjusted to 10:15 p.m. to 7:30 a.m.  This Officer made it clear to the defendant he was to go straight to and from work with no stops at any other locations.  On October 7, 2017, the defendant called this Officer to request another schedule adjustment for work.  The defendant assured USPO Stapp he had been at work the evening before and gotten home around 2:00

   a.m.  Before the defendant's schedule adjustment was granted, USPO Stapp reviewed his GPS points.  It appears the defendant left his home at 10:24 p.m., went directly to Smuckers Delmonte, spent less than five minutes in the parking lot, and then spent the next hour and 52 minutes around the Topeka area before returning home at 12:37 a.m.  As a result of this violation, the defendant's curfew was taken away until his case would be staffed.

2. The defendant no longer held employment with Reser's (placed through Randstead) as of September 1, 2017. He failed to report this change in employment until fdaSeptember 21, 2017, during a field contact.

3. On August 30, 2017, during a home contact with USPO Joel Cromwell and SUSPO Deters, the defendant became uncooperative during the contact. The defendant refused to answer questions, and at one point walked away from Officers while they were attempting to speak with him.  The defendant's mother, Ms. Lewis ended up taking over the contact and lead Officers around the home because the defendant wouldn't.

   On September 21, 2017, during a home contact with USPO Stapp and SUSPO Deters, the defendant again became uncooperative.  The defendant refused to answer questions and ended up walking away from Officers while we were attempting to speak with him, and going to his room.  The U.S. Probation Office was unable to get the information needed from the defendant in order to have a completed contact.

   On October 7, 2017, USPO Stapp made contact with the defendant over the phone.  While discussing his violations, the defendant became upset, started to cuss at USPO Stapp and hung up the phone.  USPO Stapp called the defendant back to explain he had no curfew for the next few days until his case would be staffed.  The defendant hung up the phone again.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for the defendant's arrest and he be required to appear and show cause as to why his bond should not be revoked.

Approved: *Milton W. Ruble* (signature)

Milton Ruble, Supervisory U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    October 11, 2017

*Christina Stapp* (signature)

Christina Stapp
U.S. Probation Officer
Place:     Topeka, Kansas

**ORDER OF COURT**

Considered and ordered this    11th    day of   October   20_17_ and ordered filed and made a part of the records in the above case. The court's signature below denotes concurrence with the Pretrial Officer's above recommendation.
**If Petition results in the issuance of a Warrant, Petition and Warrant sealed and not to be distributed to counsel of record.  Unsealed upon arrest.**

  s/ K. Gary Sebelius
Honorable K. Gary Sebelius
U.S. Magistrate Judge

cc:  AUSA Duston Slinkard