FILED IN OPEN COURT
04/16/2018
TIMOTHY M. O'BRIEN, CLERK
BY M. Garrett
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 17-40085-01-DDC

DARNELL TYREE-PEPPERS,

Defendant.

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Duston J. Slinkard, and Darnell Tyree-Peppers, the defendant, personally and with his counsel, Kevin W. Babbit, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the Indictment charging a violation of 18 U.S.C. §§ 922(u) and 924(m), that is, theft of a firearm from a federally-licensed dealer. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count One of the Indictment to which he has agreed to plead guilty is not more than 10 years of imprisonment, a $250,000 fine, 3 years of supervised release, and a $100.00 mandatory special assessment. The defendant further agrees to forfeit property or money to the United States, as agreed.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Ver. 17-09

On July 23, 2017, officers of the Topeka Police Department were dispatched to Integrity Gun and Pawn, a federal firearms licensee, located in the 1900 block of southwest Gage Boulevard, in Topeka, Kansas, within the District of Kansas, in reference to an alarm activation. A review of video surveillance by officers showed that two unknown individuals, wearing masks, hooded shirts, and gloves, smashed the front window, entered the business, went straight to the gun case, smashed the gun case, grabbed approximately eleven handguns, and fled the same way they had entered, dropping one of the handguns in the process. A review of the inventory confirmed that the following firearms were stolen from Integrity Gun and Pawn:

an HS Produkt, model XD9, 9mm caliber pistol, bearing serial number GM878797, manufactured for Springfield Armory;

a Walther, model PPQ, .40 caliber pistol, bearing serial number FAX0723;

a Smith & Wesson, model SD9VE, 9mm caliber pistol, bearing serial number FYX7533 223900;

a Smith & Wesson, model SD40VE, .40 caliber pistol, bearing serial number FYV1306;

an HS Produkt, model XD9, 9mm caliber pistol, bearing serial number GM877756, manufactured for Springfield Armory;

a Smith & Wesson, model M&P 9, 9mm caliber pistol, bearing serial number NAW4496;

an HS Produkt, model XDS-9, 9mm caliber pistol, bearing serial number S3600380, manufactured for Springfield Armory;

a Ruger, model SR9, 9mm caliber pistol, bearing serial number 330-61370;

an HS Produkt, model SD-40, .40 caliber pistol, bearing serial number XD475338, manufactured for Springfield Armory;

a Smith & Wesson, model M&P 40C, .40 caliber pistol, bearing serial number HUL9422.

Subsequent investigation confirmed that the foregoing firearms had not been manufactured in the state of Kansas, and so had to have travelled in interstate or foreign commerce to be in Kansas on July 23, 2017.

On August 7, 2017, a vehicle was stopped for speeding by the Nevada Highway Patrol in Nevada, resulting in the recovery of the Walther, model PPQ, .40 caliber pistol, bearing serial number FAX0723 from the July 23, 2017 break-in, as well as other firearms. Based upon investigative leads developed from that vehicle stop, agents made contact with an individual in Topeka who identified the defendant, Darnell Tyree-Peppers, and another, juvenile, subject, whom the individual only knew as K. LNU, as being the persons who conducted the July 23, 2018 break-in.

On August 11, 2017, the defendant was arrested and agreed to a post-*Miranda* interview. During the interview, he acknowledged that an officer was correct when she stated to him that he and K. LNU had done the July 23rd burglary of Integrity Gun & Pawn.

3. **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

    (a)    24 months in prison;

    (b)    3 years of supervised release;

    (c)    no fine; and

    (d)    the mandatory special assessment of $100.00.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment.

6.      **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7.      **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is

solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States:

an HS Produkt, model XD9, 9mm caliber pistol, bearing serial number GM878797, manufactured for Springfield Armory;

a Walther, model PPQ, .40 caliber pistol, bearing serial number FAX0723;

a Smith & Wesson, model SD9VE, 9mm caliber pistol, bearing serial number FYX7533 223900;

a Smith & Wesson, model SD40VE, .40 caliber pistol, bearing serial number FYV1306;

an HS Produkt, model XD9, 9mm caliber pistol, bearing serial number GM877756, manufactured for Springfield Armory;

a Smith & Wesson, model M&P 9, 9mm caliber pistol, bearing serial number NAW4496;

an HS Produkt, model XDS-9, 9mm caliber pistol, bearing serial number S3600380, manufactured for Springfield Armory;

a Ruger, model SR9, 9mm caliber pistol, bearing serial number 330-61370;

an HS Produkt, model SD-40, .40 caliber pistol, bearing serial number XD475338, manufactured for Springfield Armory;

a Smith & Wesson, model M&P 40C, .40 caliber pistol, bearing serial number HUL9422.

The defendant agrees that this property was involved or used in the commission of Count One. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the

length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant

7

to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

16. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____  Date: 4/13/2018
Duston J. Slinkard, # 21294
Assistant United States Attorney /
Criminal Chief
444 SE Quincy, Suite 290
Topeka, Kansas 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

_____  Date: 4/16/18
Darnell Tyree-Peppers
Defendant

_____  Date: 4/14/18
Kevin W. Babbit
Fagan Emert & Davis LLC
730 New Hampshire, Suite 210
Lawrence, KS 66044
Phone: (785) 331-0300
Fax: (785) 331-0303
kbabbit@fed-firm.com
Attorney for Defendant Tyree-Peppers