_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

---

**UNITED STATES OF AMERICA,**
    **PLAINTIFF,**

**vs.**                Case No. 17-cr-40085-TC

**DARNELL TYREE-PEPPERS,**
    **DEFENDANT.**

---

## GOVERNMENT'S RESPONSIVE MEMORANDUM OF LAW
## (RE: DOC. 93)

---

**COMES NOW** the United States of America, by and through Lindsey Debenham, Assistant United States Attorney, and provides the following facts and law to affirm the Court's jurisdiction in the matter of Mr. Tyree-Pepper's supervised release revocation proceedings.

### NATURE OF PROCEEDINGS

On July 16, 2018, Darnell Tyree-Peppers entered a plea to Theft of a Firearm from a Federally-Licensed Dealer, in violation of 18 U.S.C. §§ 922(u) and 924(m), a Class C Felony. He was sentenced to 24 months custody followed by a 3-year term of supervised release. Mr. Tyree-Peppers' was released from the Bureau of Prisons (BOP) and began a term of supervised release on July 5, 2019.

While on release Mr. Tyree-Peppers violated a number of conditions of supervised release. On November 13, 2019, the probation officer petitioned the court to modify conditions. (ECF Doc. 76). This modification was granted by District Court Judge Daniel Crabtree on November 14, 2019. *Id*. On August 3, 2020, Judge Crabtree issued a warrant for Mr. Tyree-Peppers' arrest for

violating his conditions of release. (ECF Doc. 87). On October 9, 2020, Mr. Tyree-Peppers was arrested by the State of Kansas on First Degree Murder, Attempted Aggravated Robbery, Aggravated Burglary, and Conspiracy Aggravated Robbery. On October 16, 2020, an amended petition was filed, however no warrant was issued because one was previously issued on August 3, 2020. (ECF Doc. 92). Mr. Tyree-Peppers was found not guilty of the state charges on June 12, 2023. Mr. Tyree-Peppers remained in custody on the charges until the state court ordered Mr. Tyree-Peppers released on June 15, 2023.[1] Mr. Tyree-Peppers was arrested on the federal warrant June 15, 2023. (ECF entry no docket number).

## ARGUMENT AND AUTHORITIES

18 U.S.C. § 3583 provides the court the authority to impose a term of supervised release. The statute covers the length of time imposed, conditions, modification of conditions or revocation, and, as relevant here, tolling of supervised release. Specifically, subsection (i) provides:

> Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C.A. § 3583(i). In this case, a warrant issued prior to expiration of the supervised release term, while Tyree-Peppers was in custody on state charges, thereby placing it directly in line with the delayed revocation provision as described in § 3583(i). This interpretation is also directed by

---

[1] Information related to the state case was obtained from the State of Kansas online portal under the defendant's ECF record related to case number 2020-CR-002194.

Fed. R. Crim. P. 32.1, which governs the procedural aspects related to revoking or modifying probation or supervised release and specifically states, "disposition of the case is governed by 18 U.S.C. § 3563 and § 3565 (probation) and § 3583 (supervised release)." In contrast, the defense encourages the Court to begin its analysis with 18 U.S.C. § 3624(e). Section 3624 dictates when supervised release begins – upon release from custody. Though it does include a tolling provision as well, it is not the provision applicable here and does not control.

Section 3583(i) makes clear Congress's intent that a district court retains jurisdiction to revoke a term of supervised release where a summons or warrant was issued during the term of supervision, but the revocation hearing was not held until after the term expired. *See, United States v. Bailey*, 259 F.3d 1216 (10th Cir. 2001). Further, § 3583(i) provision is a tolling provision. When the warrant issued time stopped counting towards the term of supervised release. *See*, *United States v. Gomez-Diaz*, 415 Fed.Appx. 890, 894 (10th Cir. 2011) (unpublished) (Gomez-Diaz's appeal is "based on the false premise his supervised release expired before or during his instant state conviction and incarceration. Instead, the court and probation documents clearly show he fulfilled less than sixteen months of his thirty-six-month term before an arrest warrant issued, which… tolled the term of supervised release until he returned to federal custody and supervision."). Note, the statute tolls upon the issuance of a warrant or summons not when the warrant was served on a defendant. 18 U.S.C. § 3583(i), *United States v. Broemmel*, 428 Fed.Appx. 832, ft. nt. 1 (10th Cir. 2011) (unpublished).

The defense relies on, *Mont v. United States*, 139 S.Ct. 1826 (2019), for support in its theory. Ultimately, Mont's case is distinguishable from the current case because there was not a warrant or summons located in the record – therefore 3583(i) did not apply. Nevertheless, the Supreme Court still found the District Court held jurisdiction to review supervised release under

Case 5:17-cr-40085-TC   Document 106   Filed 09/13/23   Page 4 of 7

§ 3624(e). Specifically, *Mont* held, "pretrial detention later credited as time served for a new conviction is 'imprisonment in connection with a conviction' and thus tolls the supervised-release term under § 3624(e). This is so even if the court must make the tolling calculation after learning whether the time will be credited." *Id.* at 1832. *Mont* also explains, "our reading leaves intact a district court's ability to preserve its authority by issuing an arrest warrant or summons under § 3583(i) based on conduct at issue in the new charges, irrespective of whether the defendant is later convicted or acquitted of those offenses. But preserving jurisdiction through § 3583(i) is not a prerequisite to a court maintaining authority under § 3624(e) nor does it impact the tolling calculation under § 3624(e)." *Id.* at 1843, n.1. This footnote, supports that the analysis in *Mont* is not applicable to the current facts, rather this Court did preserve its jurisdiction under § 3583(i) by issuing a warrant. *Mont* does not negate that underlying statute. Further, as stated in *Mont*, jurisdiction preserved by a warrant under § 3583(i) remains whether the defendant is convicted or acquitted of the new offense.

Though the government could likely end its analysis here, it is beneficial to note the government's obligations to execute the supervised release warrant and begin federal revocation proceedings. "Any proceeding on [the defendant's] violation of supervised release, for which the arrest warrant was issued, may wait until completion of his state sentence." *Gomez-Diaz*, 415 Fed.Appx. at 894 (*citing Moody v. Daggett*, 429 U.S. 78, 89 (1976). The government is not under an obligation to execute an arrest warrant while a separate sovereign's proceedings are pending. Rather, a warrant may issue and act as a detainer on an individual, so that upon release from the sovereign's custody they may then be taken into federal custody.

The Tenth Circuit has rejected the argument that a federal court should be required to adjudicate supervised release violations immediately. *United States v. Harvey*, No. 07-40030-01-

4

SAC, 2013 WL 5930393, at *1 (D. Kan. 2013). (*citing United States v. Sussman*, 444 Fed.Appx. 302, 304 (10th Cir. 2011). The Tenth Circuit has stated:

> Parolees, however, have no legal right to receive an immediate hearing on their supervised release revocation. The Supreme Court has stated that the Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers. Interstate Agreement on Detainers Act, 18 U.S.C.A.App. § 2, Art. III(a); *see Carchman v. Nash,* 473 U.S. 716, 726, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); *McDonald v. New Mexico Parole Bd.,* 955 F.2d 631, 633 (10th Cir.1991). And there is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators. *Moody v. Daggett,* 429 U.S. 78, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Because no warrant has been executed, Mr. Romero is not yet entitled to any of these procedural protections.

*United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008).

While the defendant is not legally entitled to a revocation hearing until taken into federal custody, there are also practical considerations for waiting until the state case is resolved. Namely, what if, as occurred in this case, the defendant is acquitted of the new charges? If federal supervised release proceedings started when probation learned Mr. Tyree-Peppers was taken into custody, but prior to the completion of the state charges, the defendant would have been in an entirely different posture. In that regard, Mr. Tyree-Peppers could have faced higher penalties based on the unresolved allegations. *See Moody*, 429 U.S. at 89. (when the defendant "admits or has been convicted of an offense plainly constituting a parole violation, the only remaining inquiry is whether continued release is justified notwithstanding the violation. This is uniquely a 'prediction as to the ability of the individual to live in society without committing antisocial acts.'… In making this prophecy, a parolee's institutional record can be perhaps one of the most significant factors. Forcing a decision immediately after imprisonment would not only deprive the parole authority of

this vital information, but since the other most salient factor would be the parolee's recent convictions, here a double homicide, a decision to revoke parole would often be foreordained."). This is especially true when the supervised release allegations would only need to be proven by a preponderance of the evidence standard, rather than beyond a reasonable doubt. While there are other considerations - such as impacting the underlying state prosecution and requiring a mini trial of sorts – the most pressing issue is it could lead to the defendant being punished more severely. Waiting until the new charges to resolve, out of an abundance of caution for the defendant, also provides the Court with a whole picture when determining the supervised release sentence. If convicted and sentenced at the state, the federal court may decide to terminate supervision or run the sentences concurrently. Overall, the resolution of the state case may impact the sentencing decision on the supervised release case.

## CONCLUSION

The defendant's application of the statute is convoluted and contrary to the law. For the reasons stated above, the Mr. Tyree-Pepper's term of supervised release tolled at the time the arrest warrant was issued on August 3, 2020, therefore the Court retains jurisdiction in the matter.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I did file a copy of the foregoing motion with the Clerk of the Court on September 13, 2023, using the CM/ECF system that will send a notice of filing to counsel of record.

                                                     s/ Lindsey Debenham
                                                     Lindsey Debenham, #27574
                                                     Assistant United States Attorney