IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
                 Plaintiff,

v.                                                          Case No. 5:17-CR-40085-TC-1

**DARNELL TYREE-PEPPERS**,
                 Defendant.

**REPLY TO GOVERNMENT'S MEMORANDUM OF LAW**

The delayed revocation statute permits revocation after the expiration of a supervised release term, but limits the window for such action to "any period reasonably necessary for the adjudication of matters arising before its expiration ...." 18 U.S.C. § 3583(i) (emphasis added). But the nearly three-year delay in this case was not "reasonably necessary." Tacitly conceding this, the Government argues that the "reasonably necessary" standard does not apply. Relying on an unpublished opinion and cases addressing due process and challenges under the Speedy Trial Act or the Interstate Agreement on Detainers, none of which cases even address § 3583(i), the Government says that there is no statutory requirement that it act diligently in resolving supervised release violation proceedings. But the delayed revocation statute controls here, and it permits only "reasonably necessary" delays. For the reasons set out in Mr. Tyree-Peppers' *Memorandum of Law* (Doc. 104), that standard is not met here.

1. **The "delayed revocation" statute applies to proceedings occurring after "the *expiration* of a term of supervised release." It is thus not a "tolling" provision.**

    Section 3624(e) includes a single tolling provision: "A term of supervised release does not run

during any period in which the person is imprisoned in connection with a *conviction* for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." (emphasis added). The Government concedes that § 3624(e)'s tolling provision does not apply here. *See Government's Responsive Memorandum of Law* (Doc. 106) at 3 ("Section 3624 dictates when supervised release begins – upon release from custody. Though it does include a tolling provision as well, it is not the provision applicable here and does not control.").

Instead, the Government relies on § 3583(i), which it incorrectly characterizes as a second tolling provision:

> **Delayed revocation**.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, *extends beyond the expiration of the term of supervised release* for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

(emphasis added). The "delayed revocation" power is expressly predicated on "the *expiration* of the term of supervised release." *Id.* (emphasis added). Rather than *tolling* the running of the term of supervised release, § 3583(i) applies only after the term has "expir[ed]." Yet, citing *United States v. Gomez-Diaz*, 415 Fed.Appx. 890, 894 (10th Cir. 2011), the Government argues that "delayed" revocation is permissible here because, it says, Mr. Tyree-Peppers' term of supervised release has *not* expired. But if this were actually the case, § 3583(i) would be inapplicable. So the Government's "tolling" theory is self-defeating.

The Government claims that, rather than the supervised release term having expired, the running of the term was tolled upon the issuance of a warrant. The unpublished opinion the Government relies on does indeed say that the issuance of an arrest warrant "tolls" the running of a supervised

release term: "[T]he court and probation documents clearly show he fulfilled less than sixteen months of his thirty-six-month term before an arrest warrant issued, which, as one probation document expressly explained, tolled the term of supervised release until his return to federal custody and supervision." *Gomez-Diaz* at 894. But rather than citing either § 3624(e) or § 3583(i), or indeed any statute, *Gomez-Diaz* cites a single case, *United States v. Martin*, 786 F.2d 974, 975–76 (10th Cir.1986).

*Martin* is no longer good law and has not been since 1994, when the case holding was superseded by the new delayed revocation statute. The issue in *Martin* was whether the running of a term of *probation* that had been granted in 1978 "was tolled from the time the New Jersey court issued its violator warrant until the time Martin was returned to federal supervision after release from the Colorado state prison." 786 F.2d at 975. Citing cases from 1962, 1976, and 1980, the Tenth Circuit ruled that "Martin is entitled to no credit against his probation term for time he was not under federal supervision because of his own wrongful act." *Id.* The fact that Martin addressed probation, rather than supervised release, is reason alone to question its relevance. But more importantly, like *Gomez-Diaz*, *Martin* fails to cite the governing statute, § 3583(i). *Martin* had good reason for not citing the delayed revocation provision—that provision was not enacted until 1994. *See* Pub.L. 103-322, Title XI, § 110505; *see also United States v. Garrett*, 253 F.3d 443, 451 (9th Cir. 2001) (Berzon, J., dissenting) ("Congress did neither when it amended § 3583 in 1994."). *Martin* predates the controlling statute by eight years.

As an unpublished opinion, *Gomez-Diaz* is "not precedential, but may be cited for [its] persuasive value." 10th Cir. R. 32.1(A). The case lacks persuasive value. Rather than applying the statutes governing the running and tolling of terms of supervised release and delayed revocation, *Gomez-Diaz* relies on a 1986 probation-revocation case that itself relies on older precedent. But the cases relied

on by the *Gomez-Diaz* panel had been superseded by a statutory change that went unnoticed in this unpublished case. This is not surprising, given that *Gomez-Diaz* was litigated by a pro se inmate. *See* 415 Fed.Appx. at 894. Because *Gomez-Diaz* does not even mention the statute at issue here, it should be afforded no weight.

## 2. The cases cited by the Government addressing claims under the Due Process Clause, the Speedy Trial Act, or the Interstate Agreement on Detainers are irrelevant to the delayed revocation issue here.

The Government quotes *Gomez-Diaz* for the bold proposition that "[a]ny proceeding on [the defendant's] violation of supervised release, for which the arrest warrant was issued, may wait until completion of his state sentence." *Government's Responsive Memorandum of Law* (Doc. 106) at 4 (quoting 415 Fed.Appx. at 894). But this statement was made in the context of rejecting the defendant's Speedy Trial Act claim:

> To wit, while the Speedy Trial Act applies to defendants arrested for a new offense, *see United States v. Bagster*, 915 F.2d 607, 609–11 and n. 3 (10th Cir.1990), it does not apply to the lodging of detainers. Instead, any proceeding on Mr. Gomez–Diaz's violation of supervised release, for which the arrest warrant was issued, may wait until completion of his state sentence. *Moody v. Daggett*, 429 U.S. 78, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). In other words, because Mr. Gomez–Diaz is not in federal custody, he does not have a right to a revocation hearing or otherwise a "speedy trial" on such an issue.

415 Fed.Appx. at 894. Again, the nonprecedential opinion in *Gomez-Diaz* does not even mention the delayed revocation statute, 18 U.S.C. § 3583(i), so it can hardly be relied on as authority for the proposition advanced by the Government. The Government similarly cites various cases, e.g., *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008), and *United States v. Harvey*, No. 07-40030-01-SAC, 2013 WL 5930393 (D.Kan. 2013), that hold that neither the Interstate Agreement on Detainers, Fed.R.Crim.P. 32.1, nor the Due Process Clause require that a supervised releasee being

held in state custody must be granted a revocation hearing before the resolution of state proceedings. None of those cases address the issue here—whether the delayed revocation statute's "reasonably necessary" standard, has been met.

## Conclusion

The Code includes a statutory subsection, 18 U.S.C. § 3583(i), that helpfully identifies ("Delayed revocation") the precise legal issue presented here. That statute permits delayed revocation only if the period of delay is "reasonably necessary for the adjudication of matters arising before [the] expiration" of the term of supervised release. *Id.* The Government seemingly recognizes that the delay here does not meet this standard, so it relies on cases addressing non-§ 3583(i) challenges to delayed revocation. These cases are not controlling—the statute is.

Respectfully submitted,

S/Thomas W. Bartee
Thomas W. Bartee, #15133
Assistant Federal Public Defender
632 SW. Van Buren Street, Suite 200
Topeka, KS 66603
(785) 232-9828
Fax: (785) 232-9886
Email: Tom_Bartee@fd.org
  Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Lindsey Debenham
Assistant United States Attorney
lindsey.debenham@usdoj.gov

S/Thomas W. Bartee
Thomas W. Bartee, #15133